**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**JUL 12 2024**

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS GONZALAS, | No. 23-15292 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-01653-RFB-EJY |
| v. | |
| JEREMY BEAN; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted July 10, 2024[**]
San Francisco, California

Before:  FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Luis Gonzalas, who was convicted of first-degree murder, appeals the denial

of his federal habeas corpus petition under 28 U.S.C. § 2254.  Under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may not grant

relief unless the state court's decision was (1) "contrary to, or involved an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Montiel v. Chappell*, 43 F.4th 942, 956 (9th Cir. 2022) (quoting 28 U.S.C. § 2254(d)(1)-(2)). Reviewing the district court's denial of relief de novo, *Leeds v. Russell*, 75 F.4th 1009, 1016 (9th Cir. 2023), we affirm.

1. Gonzalas raises several grounds for his ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for which he must demonstrate (1) deficient performance and (2) prejudice. Our review of this claim is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Gonzalas admitted to shooting and killing T.A. but said it was in self-defense. Given the weaknesses in Gonzalas's self-defense theory—including testimony by eyewitnesses that directly undermined his account—there is not a "substantial" likelihood that the errors raised would have changed the outcome. *Id.* at 112 ("The likelihood of a different result must be substantial, not just conceivable."). Regarding both the gang affiliation evidence and the failure to timely notice defense witness Brandon Contreras, "[t]here was ample basis for the

[Nevada] Supreme Court to think any real possibility of [Gonzalas's] being acquitted was eclipsed by the remaining evidence pointing to guilt."[1]  *Id.* at 113.

Because we conclude that the prejudice prong is dispositive, we do not reach the performance prong.  *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

2.  Gonzalas also argues that the Nevada Supreme Court's affirmance of the trial court's decision to exclude defense witness Contreras as a sanction was an unreasonable application of *Taylor v. Illinois*, 484 U.S. 400 (1988).  Even if this were true, we may grant relief only if "a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict."  *Kipp v. Davis*, 971 F.3d 939, 958 (9th Cir. 2020) (quoting *Davis v. Ayala*, 576 U.S. 257, 268 (2015)).  Here, Contreras would have testified only to T.A.'s violent character, which was well-established by other witnesses and not reasonably in dispute. Thus, we cannot say that Gonzalas has shown that excluding Contreras resulted in "actual prejudice."  *Id.* (quoting *Davis*, 576 U.S. at 267).

**AFFIRMED.**

---

[1] Gonzalas's argument that defense counsel should have raised a constitutional objection to the gang affiliation evidence fails for the same reason. Even if he could overcome the procedural default under *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), and even if we considered his claim de novo, Gonzalas cannot establish prejudice.

3